# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20553
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2017

Lyle W. Cayce
Clerk

MICHELLE SPENCER,

     Plaintiff - Appellant

v.

KS MANAGEMENT SERVICES, L.L.C., doing business as Kelsey-Seybold Clinic,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-274

Before KING, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

     The typical appeal we see in employment discrimination cases is a plaintiff challenging a grant of summary judgment that prevented her case from reaching trial. Michelle Spencer's claim that her termination violated the Americans with Disabilities Act made it to trial. Spencer did not prevail at trial so brings this appeal. Even though her case made it past the summary

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20553

judgment stage, Spencer's appeal invokes the *McDonnell Douglas* standard that determines whether sufficient circumstantial evidence of discrimination exists to warrant a trial. Under the different standard that applies when a factfinder rejects a claim after trial, Spencer's appeal fails.

* * *

Kelsey-Seybold Clinic employed Spencer as a Medical Assistant I (MA-I). After a few years with Kelsey-Seybold, Spencer took time off to receive treatment for depression. The treatment included electroconvulsive therapy, which results in short-term memory loss and increased difficulty in retaining new information. After her treatment, Spencer was able to return to work and accepted a position in Kelsey-Seybold's Family Medicine Department.

In 2005, as part of a staff reorganization, Kelsey-Seybold decided to eliminate the MA-I position and transition to using MA-IIs in all primary care departments. Family Medicine is a primary care department, so this change affected Spencer's position. Unlike an MA-I, an MA-II administers medication and vaccines. But all was not lost for Spencer, because Kelsey-Seybold provided MA-Is with the opportunity to transition to MA-II positions. To successfully transition, MA-I's had to complete a training program and pass an exam testing knowledge of medications and immunizations.

Spencer struggled to learn and retain the testing information. She notified Kelsey-Seybold of her difficulties and asked for either a tutor or study partner to help her prepare for the examination. After failing the test in 2007, Spencer again asked Kelsey-Seybold for help on the exam. In response to this second request, Kelsey-Seybold permitted Spencer to do the following:

- Copy study materials and notes used by MA-I's who had passed the test;
- Review questions and answers from previous MA-II tests;
- Study for the test during paid-work hours;

- Schedule other staff members to cover for her while she studied;

- Receive tutoring from coworkers who had passed the test; and

- Review test questions and answers with a supervisor.

Spencer also was given unlimited time to complete the test. Even with these accommodations, Spencer failed the test again in 2010. Kelsey-Seybold terminated her employment on the grounds that her MA-I position had been phased out and she had failed to successfully transition to an MA-II. Spencer was the only MA-I who failed to transition.

Spencer filed suit, arguing that Kelsey-Seybold failed to reasonably accommodate her learning disability and unlawfully terminated her employment in violation of the ADA. 42 U.S.C. § 12101, *et seq.* After a bench trial, the magistrate judge held that Spencer was not unlawfully terminated. The magistrate judge explained that Spencer could not pass the MA-II test even with reasonable accommodations, and successful completion of the test was required to perform the essential job functions of administering medicine and vaccines. He also found that the termination was not the product of disability discrimination.

Spencer errs by asserting that we should consider her claims under the familiar *McDonnell Douglas* framework used to determine if a plaintiff has sufficient circumstantial evidence of discrimination to get past summary judgment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). She argues she satisfies the prima facie case of discrimination that is the first stage of that inquiry. *McDonnell Douglas*, however, is only an "evidentiary framework" used to evaluate whether a plaintiff has identified a genuine dispute of material fact on the ultimate question of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (rejecting the argument that a plaintiff has to plead a prima facie case under the standard); *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983) (explaining that the prima facie

standard is "merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination"). Given that limited purpose, we have explained that a jury should not be asked whether a plaintiff has established a prima facie case; instead it should be asked whether she has proved the ultimate question of discrimination. *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992).

As the case was tried, Spencer had to prove to the factfinder that (1) she was disabled, (2) was qualified for the job she lost, and (3) was fired because of her disability. *Neely v. PSEG Tex., Ltd.*, 735 F.3d 242, 245 (5th Cir. 2013). Spencer is disabled, but the magistrate found that she did not prove the final two requirements.

The magistrate judge found that Spencer was not qualified for the MA-II position because she could not pass the test covering medications and vaccinations. An individual is qualified for her job if, "with or without reasonable accommodation, [she] can perform the essential functions of the employment position that [she] holds or desires." 42 U.S.C. § 12111(8); *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996). A job function is "essential if it bears more than a marginal relationship to the employee's job." *EEOC v. LHC Grp.*, 773 F.3d 688, 697 (5th Cir. 2014). We review the trial court's factual finding on this point for clear error. *Knight v. City of Bogalusa, La.*, 717 F.2d 249, 251 (5th Cir. 1983).

Administering medicine and vaccines is an essential function of the MA-II position, as it is the primary difference between the MA-I and MA-II positions. The magistrate judge reasonably concluded that successful completion of the MA-II test is a legitimate requirement that measures whether the employee can safely perform that function on which the health of patients depends. Successful completion of the test has more than a "marginal relationship" to an MA-II's duties; it measures the taker's ability to perform

4

vital parts of the job. *See Jones v. Kerrville State Hosp.*, 142 F.3d 263, 265 (5th Cir. 1998) (recognizing that failure to complete training for an essential job function indicates inability to perform essential job function).

Nor did the magistrate judge err in finding that no reasonable accommodations would allow Spencer to pass the test. 42 U.S.C. § 12111(9)(B) (providing that reasonable accommodations may include "reassignment to a vacant position . . . appropriate adjustment or modifications of examinations, [or] training materials or policies"). Kelsey-Seybold had already provided Spencer with the laundry list of accommodations cited above, yet she was still 20 percentage points away from passing the test the second time she took it. The magistrate judge did not clearly err in concluding that the special tutor Spencer requested was unlikely to help her make up this significant gap given all the help Spencer had already received. Kelsey-Seybold also would have allowed her to take the test again, but Spencer insisted on only taking it twice. We see no error in the magistrate's finding that reasonable accommodations would not have allowed Spencer to pass the test, which was required before she could administer medicine and vaccines.

Spencer also seems to argue that other MA-I positions were available, and that a reasonable accommodation would have been to transfer her to one of those positions. This argument ignores the magistrate judge's factual finding that Kelsey Seybold's remaining MA-I positions were in specialized departments. The magistrate found that Spencer was not qualified for placement in specialized departments, and Spencer does not make any argument on appeal that contradicts this finding.

The magistrate thus did not clearly err in finding that Spencer was not qualified for any MA position.

The magistrate also found against Spencer on the final element, which asks the ultimate question of whether disability discrimination motivated the

termination.  He concluded that the firing "was based on legitimate business reasons, and not motivated in whole or in part by Spencer's disability." Spencer does not present any arguments on appeal that overcome the deference afforded that finding.

The judgment is AFFIRMED.